UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE ) <br> OHIO CARPENTERS' PENSION FUND, ) <br> et al., ) <br>   ) <br> Plaintiffs, ) <br>   ) <br>   ) <br> vs. ) <br>   ) <br> ESKAY FLOOR COVERING, INC., ) <br>   ) <br> Defendant. ) <br>   ) | Case No.  1:10 CV 0073 <br><br> Judge Lesley Wells <br><br><br> REPORT AND RECOMMENDATION <br>         OF MAGISTRATE JUDGE <br> (Regarding ECF #12) <br><br><br><br> Magistrate Judge James S. Gallas |

On March 12, 2010, the Court entered default judgment against defendant Eskay Floor Covering, Inc. in this matter involving unpaid and uncollected fringe benefits due and owing to plaintiff health and welfare plans and pension plans. Plaintiffs moved on April 12, 2010, for the court to hold defendant, Eskay Floor Covering, Inc.,  and its president Raymond Skutnik in contempt. (ECF# 12). Plaintiffs seek pursuant to FRCP 70(e) appropriate sanctions be imposed to obtain compliance with the Court's judgment. This matter was referred on May 19, 2010 to the undersigned for the purpose of holding a civil contempt hearing, certifying the facts, and providing a Report and Recommendation for the Court.

The matter was set for contempt hearing on June 15, 2010, and notices were mailed on May 20, 2010 to plaintiffs' counsel and to Eskay Floor Covering, Inc., and Raymond Skutnik at the defendant business' current address. None of the notices were returned as undeliverable. The hearing on the motion for contempt was held as scheduled in the notice.  Defendant and Raymond Skutnik failed to appear.  Counsel Julie A. Wagner of Rotatori Bender Co. L.P.A.

2

appeared for plaintiffs. She supported her case with her affidavit, the affidavit of Ron Newrones, (See ECF # 15 and 15-1), her unobjected to proffers of fact, and the testimony of Cindi Moore. paralegal.

**Certified Facts:**

Ron Newrones, auditor of the plaintiff plans, is permitted to conduct monthly audits of Eskay Floor Covering, Inc. pursuant to the Letter Agreement signed by defendant's representative which states that defendant is bound by the Collective Bargaining Agreement between the Ohio and Vicinity Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America, AFL-CIO, the Carpenter Contractors' Association of Cleveland, Ohio, the Construction Employers Association of Cleveland, the Ohio Building Chapter-AGC, Cleveland Division, the Building Association of Eastern Ohio and Western Pennsylvania, the AGC of Ohio, Akron Division, and the Building Exchange of East Central Ohio, Labor Relations Division. (Newrones Aff. ¶ 2).

Mr. Newrones made several requests to defendant to provide access to the defendant's records for an audit via letter and telephone calls. (Newrones. Aff. ¶8). Mr. Raymond Skutnik, president of Eskay Floor Covering, Inc., cancelled the audits for November 18, 2009 and November 24, 2009. (Newrones Aff. ¶9; Ms. Wagner's unopposed proffer).

Mr. Newrones was able to commence an audit of defendant's records on December 8, 2009, but the records provided were incomplete and the audit could not be concluded.

3

(Newrones Aff. ¶10). Raymond Skutnik stated that the necessary records were unavailable. (*Id*.). His excuse to Mr. Newrones was that the missing records were maintained in the company's computer, but Raymond Skutnik claimed that he did not know how to access them. With what he had to work with Mr. Newrones performed an incomplete preliminary audit disclosing $3,747.36 in unpaid fringe benefits and $117.19 in unpaid working dues for the period of October 2008 through December 2009. (Plaintiffs' Ex. 2).

Raymond Skutnik was provided a list by Mr. Newrones of the missing records necessary to complete the audit, and Raymond Skutnik promised that he would send the missing records to him. (Ms. Wagner's unopposed proffer).

During the week of December 14, 2009, Mr. Newrones made several telephone calls to defendant Eskay Floor Covering repeating the request for the necessary additional information, but received no compliance. On December 21, 2009, Mr. Newrones contacted plaintiffs' counsel with his complaint, and counsel sent a demand letter to Eskay Floor Covering, Inc. demanding access to its records in order to complete the audit. (Wagner Aff. ¶8).

On January 14, 2010 plaintiffs filed their complaint under the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1132 et seq.) and the Labor-Management Relations Act of 1947 (29 U.S.C. §185 et seq.), against defendant Eskay Floor Covering, Inc.. This action included a claim for audit and ERISA payments.

4

Default was entered on February 24, 2010, followed by judgment in plaintiffs' favor on March 12, 2010. The March 12, 2010 judgment ordered defendant Eskay Floor Covering, Inc., to pay all liabilities and future contributions and withholdings pursuant to terms of Letter Agreement and Collective Bargaining Agreement, which were presented as evidence in support of plaintiffs' motion for default judgment. (ECF #1, 9) The judgment specifically further ordered defendant "to permit an audit of its books, records, and reports as necessary to determine whether Defendant has been complying with its obligations to make contributions and withholdings." (ECF # 10).

The March 12, 2010 judgment entry was sent by certified U.S. mail to defendant and a certified mail return receipt was returned indicating delivery on March 16, 2010.

Also on March 12, 2010, plaintiffs' counsel sent a second demand letter accompanied by a copy of the default judgment to "Eskay Floor Covering, Inc. Attn. Raymond Skutnik" (Wagner Aff. ¶10; Plaintiffs' Ex. 1).

Eskay Floor Covering, Inc.'s liabilities and responsibility permitting audit are foregone conclusions as a result of the default judgment.

It is clear that Eskay Floor Covering, Inc., through its president has failed to perform its duties under the Letter Agreement and collective bargaining agreement by not permitting a full audit of its books despite numerous requests.

5

**Conclusions of Law:**

1. "The district court ha[s] jurisdiction pursuant to § 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185, and §§ 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA")." *Electrical Workers Pension Trust Fund of Local Union 58, IBEW v. Gary's Elec. Service Co.,* 340 F.3d 373, 378 (6th Cir. 2003).

2. "In order to hold a litigant in [civil] contempt, the movant must produce clear and convincing evidence that shows that "he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Id.,* 340 F.3d at 379 (quoting *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591(6th Cir. 1987) (quotation and brackets omitted). "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Id.* (quoting *United States v. Rylander*, 460 U.S. 752, 757, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983)).

3. "[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required.(footnote omitted)" *International Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 827, 114 S.Ct. 2552, 2557, 129 L.Ed.2d 642 (1994).

6

4. "A decision on a contempt petition is within the sound discretion of the trial court and thus is reviewed only for an abuse of discretion." *Id.,* 340 F.3d at 378 (citing *Peppers v. Barry*, 873 F.2d 967, 968 (6th Cir.1989). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Id.*(quoting *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir.1996) (quotation omitted), *cert. denied*, 522 U.S. 906, 118 S.Ct. 263, 139 L.Ed.2d 190 (1997)).

5. Raymond Skutnik, president of Eskay Floor Covering, Inc., interacted with Mr. Newrones to prevent completion of the audit. This provided "ample evidence" as president of the defendant corporation he was the officer "personally identified with the corporation" and that he was the officer with the power to comply with the audit See *United States v. Hochschild*, 977 F.2d 208, 213 (6th Cir. 1992); *Electrical Workers Pension Trust Fund of Local Union 58, IBEW,* 340 F.3d at 380.

6. Defendant and Raymond Skutnik had knowledge of this court's order through certified mailing from the Clerk of Court **and** Ms. Wagner's March 12, 2010 letter.

7. "A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of

7

the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt." *Wilson v. United States*, 221 U.S. 361, 376, 31 S.Ct. 538, 55 L.Ed. 771 (1911); and see *Electrical Workers Pension Trust Fund of Local Union 58, IBEW* , 340 F.3d at 380. A corporate officer may be held in contempt personally for the corporation's failure to follow a court order when there is knowledge of the court's order, and responsibility combined with the officer's power to take appropriate action, even though the corporate officer is not personally identified in the order. *Electrical Workers Pension Trust Fund of Local Union |58, IBEW,* 340 F.3d at 382(citing *Chicago Truck Drivers v. Brotherhood Labor Leasing,* 207 F.3d 500, 507-08 (8th Cir. 2000); and see *Peterson v. Highland Music, Inc.,* 140 F.3d 1313 (9th Cir. 1998) (non-party corporate president can be held in contempt personally).

8. Defendant Eskay Floor Covering, Inc. through Raymond Skutnik is in contempt of this Court's March 12, 2010 judgment by willfully violating a definite and specific order of the court requiring performance of a particular act "to permit an audit of its books, records, and reports as necessary to determine whether Defendant has been complying with its obligations to make contributions and withholdings." (ECF # 10).

9. Non-party corporate president Raymond Skutnik is in contempt of this Court's March 12, 2010 judgment by willfully violating a definite and specific order of the court requiring performance of a particular act "to permit an audit of its books, records, and reports as necessary to determine whether Defendant has been complying with its obligations to make contributions and withholdings." (ECF # 10).

8

*Conclusion and Recommendation:*

For the foregoing reasons, it is recommended that plaintiffs' motion for contempt order be granted. It is recommended:

(1) that the Court find both Eskay Floor Covering, Inc., and its president Raymond Skutnik in civil contempt for failing to comply with this Court's judgment;

(2) that an audit be permitted under appropriate sanction to secure compliance with the Court's judgment. (The undersigned recommends a $100.00 *per diem* "fine" to plaintiffs for each day of noncompliance) [1]; and,

(3) that plaintiffs be awarded attorney's fees in relation to the motion for contempt order.

                                                 s/James S. Gallas
                                                 United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

---

[1] "[F]ixed fines . . . may be considered purgable and civil when imposed and suspended pending future compliance." *International Union, United Mine Workers of America v. Bagwell,* 512 U.S. at 829, 114 S.Ct. at 2558 (citing *United States v. Mine Workers*, 330 U.S. 258, 303-304, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1947)).